Henderson, Chief-Justice,
 

 after stating the proceeded as follows;.
 

 
 *394
 
 It •appears 'o us that the Plaintiffs have a very plain equity, it i;> nothing more than subjecting the funds of an insolvent
 
 csslni que trust,
 
 in the hands of his trustee, to the payment of ids debts. Nor does the case of
 
 Bishop
 
 v.
 
 Church,
 
 relie'1 on in the argument for the Defendant,touch the qrociion. There the assignees of the bankrupt did not hold Che estate in trust for the bankrupt, hut for his crediiors, of whom the Plaintiff was owe. It was not preterid.!, that, whatever money he wan entitled to receive, as his dividend of the bankrupt’s estate, was in jeopardy, it was a mere attempt to induce a Court of Equity to set off debts at law, where the law afforded complete relief. The very basis of equity was wauling ; viz: the insolvency of his debtor. As the debt, which was due the bankrupt, was not going into the hands of the bankrupt, as here it is to
 
 John Gharrier’s
 
 administrator, but into the hands of the assignees, who held intrust, not for him, but for his creditors.
 
 'What,
 
 ver clear sum therefore belonged to
 
 John
 
 Charrier, »a the hands of tin- Defendants, this Court will apply to the payment of tht Plaintiff’s decree. An account must therefore be taken of the estates of the infants, ar il what debts are chargeable upon them, regardless of their dignity; for
 
 Charrier
 
 Could only claim the surplus, after
 
 all
 
 the debts are paid. As to the debts due from
 
 Charrier
 
 himself to the administrator, since he became administrator, I am inclined to tiunk that he will be entitled to retain. For l look upon them, as advances made upon the credit of the funds in his hands, rather than as debts. I feel more difficultly as to the debts which
 
 John Charrier
 
 owed to the ^administrator, contracted prior to that time. I doubt whéther a creditor can call the fund out of the hands of the trustee, without paying all the debts of the
 
 cestui que trust
 
 to the trustee. Whether this case presents a more favorable aspect for the Plaintiff, I cannot now say. Let an account be taken of the sums due upon the two decree | also of the estates of th« intestates, and .of their-
 
 *395
 
 debts
 
 } vi
 
 the debts due from
 
 John Charrkr
 
 to the r.¿l-ministrator, and of the advances by the administrator to him, distinguish in-between those contracted or advanced» before end after administration upon the estates of Ms children was committed to the Defendant, if the parties wish, although I think it of no importance, the na-fare and dignify of the debts will he stated by the Master.
 

 It was contended in argument, that if the subject mat-tor of this bill forms any ground of relief, it also afford-¡erf matter of defence to the administrator’s suit, by way of petition. For that petitions are on the Equity side «/ the Court
 
 quoad hoc.
 
 And the case, of
 
 Holding
 
 v.
 
 Holding
 
 was relied ok. That case is law. There the matter set forth in the bill was properly a defence,
 
 suo
 
 vigore, Xt was in
 
 opposition
 
 to the
 
 causa
 
 of action, and should have been made, wherever the action was brought, ft Was like
 
 payment,
 
 in a action on a bond, or any other
 
 discharge
 
 of the obligation. The ground, oh which this application is made, admits the demand, it does me5, resist the right of recovery. It only goes to exihiguisfo the debt when recovered, 5»y means of a separate aim distinct demand, It is even stronger than the case of a set-off, for the demands are in different rights. But if fit was no stronger, a person is not obliged to set off ?». debt. He may do so
 
 -,
 
 or lie may sue upon it. The cas»? of setting off one recovery against another is common iss Courts of Law. Here the Plaintiffs were obligee! to come into this Court, to show the
 
 real creditor
 
 in the petition. And besides, it is the case, of judgments is different Courts,
 

 Pun Curiam.
 

 — Decree accordingly.